Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, | )<br>)<br>) C.A. No. 25-12094 |
| Petitioner, | )<br>) |
| v. | )<br>) |
| ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security; PAMELA BONDI, Attorney General of the U.S.; and DONALD TRUMP, President of the U.S., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Respondents. | )<br>) |

**PETITION FOR HABEAS CORPUS**
**ARISING FROM UNLAWFUL DETENTION WITHOUT A BOND HEARING**
**UNDER LAKEN RILEY ACT**

**INTRODUCTION**

1. This is a petition for a writ of habeas corpus on behalf of petitioner John Doe.[1]

2. Mr. Doe is 18 years old. He is from Guatemala. He resides in Massachusetts.

3. Mr. Doe has never been charged with or convicted of any crime.

---

[1] A motion to proceed by pseudonym will follow.

4.      Mr. Doe is a recipient of Special Immigrant Juvenile ("SIJ") status.  SIJ status is part of a statutory scheme to allow young people who are the victims of abuse, abandonment, or neglect to remain in the United States and adjust to Lawful Permanent Resident ("LPR") status.

5.      On July 4, 2025, Mr. Doe was arrested and accused by police of shoplifting several bottles of liquor from a liquor store.  However, he has not been charged with or convicted of this crime.  A Clerk Magistrate's hearing was scheduled to determine if any charges would issue, and Mr. Doe left the police station later that same day.

6.      As Mr. Doe left the police station, U.S. Customs and Border Protection ("CBP") officers assigned to U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") arrested Mr. Doe and placed him in civil immigration detention.

7.      Mr. Doe is presently detained in Massachusetts by ICE at the Plymouth County Correctional Facility ("PCCF") pursuant to 8 U.S.C. § 1226.

8.      Following his arrest, Mr. Doe requested a bond hearing in the Immigration Court.  The hearing was scheduled for July 24, 2025.  However, when Mr. Doe appeared for the scheduled hearing, the Immigration Court ruled that he is ineligible for bond and refused to conduct the hearing.  Specifically, the Immigration Court ruled that Mr. Doe "is statutorily ineligible for IJ custody redetermination per the Laken Riley Act."

9.      Accordingly, Mr. Doe is being held as a mandatory detainee without access to a bond hearing for the duration of any immigration proceedings.

10.     Those proceedings are likely to last for a prolonged period of time.  As far as counsel can determine, although Mr. Doe was arrested three weeks ago, the government has not yet even filed a Notice to Appear to initiate a removal proceeding against him in the Immigration Court.

11. Mr. Doe's continuing loss of liberty without individualized process violates the Due Process Clause of the Fifth Amendment to the United States Constitution. Unless the Court acts, this unlawful deprivation of Mr. Doe's liberty will likely last for many months and potentially years.

12. Mr. Doe respectfully requests immediate relief in the form of a writ of habeas corpus requiring that he be released unless he is provided a bond hearing, including all legally necessary procedural protections, within seven days after the Court's order.

## PARTIES

13. Mr. Doe is a resident of Massachusetts. Mr. Doe has been held in civil immigration detention since July 4, 2025. He is currently detained by ICE at the Plymouth County Correctional Facility.

14. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is Petitioner's immediate custodian.

15. Respondent Patricia Hyde is the New England Field Office Director for ICE.

16. Respondent Todd Lyons is the Acting Director of ICE.

17. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

18. Respondent Pamela Bondi is the U.S. Attorney General.

19. Respondent Donald Trump is the President of the United States.

20. All respondents are named in their official capacities.

## JURISDICTION AND VENUE

21. This Court has jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question jurisdiction).

22. Venue is proper in the District of Massachusetts Mr. Doe is currently detained within this District.

23. Mr. Doe has exhausted his administrative remedies to the extent required by law.

## **LEGAL BACKGROUND**

24. The Due Process Clause of the Fifth Amendment protects both citizens and noncitizens. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (Fifth Amendment protections apply to noncitizens "whether their presence here is lawful, unlawful, temporary, or permanent").

25. Section 236 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1226, provides for the civil detention of noncitizens during the pendency of their removal proceedings in certain circumstances and subject to important Due Process safeguards. These procedural safeguards are critically important not only because detention involves depriving a person of their liberty and separating them from their home and family, but also because Section 1226 detention is "frequently prolonged." *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 30 (1st Cir. 2021) (explaining that Section 1226 detention continues "until all proceedings and appeals are concluded . . . even where an individual prevails and the government appeals" and referencing findings that one in four Section 1226(a) detainees in the Boston and Hartford Immigration Courts were detained for two years or longer).

26. Accordingly, the baseline Due Process requirement for civil immigration detention is that the detainee receive an individualized bond hearing to determine whether the individual can be released on bond, or must be detained due to flight risk or dangerousness. *See Hernandez-Lara*, 10 F.4th at 41. This requirement is implemented via Section 1226(a) and its associated regulations, which provide for detention or release depending on the outcome of a bond hearing at which an

Immigration Judge considers the individuals' particular facts and circumstances.  *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1).

27.     The Supreme Court has recognized only one exception to this baseline Due Process requirement.  In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that noncitizens who were convicted of certain serious crimes and who conceded removability could be categorically detained for the brief period necessary for their removal proceedings.  This exception is implemented via Section 1226(c), which provides for mandatory detention for noncitizens who have committed certain serious criminal offenses (or are involved in terrorism).

28.     The statutory scheme under Section 1226 changed on January 29, 2025, when the President signed the Laken Riley Act (the "LRA").

29.     The LRA purports to expand Section 1226(c) by adding a new subsection (c)(1)(E) that imposes mandatory detention on certain noncitizens, including those who have not been convicted of any crime.  Rather, the new subsection (c)(1)(E) requires detention for certain noncitizens who are merely "charged with" or "arrested for" certain crimes, including alleged theft crimes such as shoplifting.

30.     On its face, the new subsection 1226(c)(1)(E) requires detention without any individualized process, even if the person is not a flight risk and is not dangerous.  The new subsection appears to require detention even if the charge is still pending, was ultimately dismissed, or resulted in an acquittal.  The new subsection appears to require detention if the noncitizen has never been adjudicated guilty of any crime.  Indeed, the new subsection appears to mandate detention even where (as here) the noncitizen was arrested, but has not actually been charged with any crime.

31.     Neither the Supreme Court nor the First Circuit has ever recognized an exception to the baseline Due Process requirement for a bond hearing where the noncitizen has not been convicted of a criminal offense. For good reason. No person in the United States may be subjected to prolonged civil detention, without a hearing, based solely on unproven accusations.

## STATEMENT OF FACTS

32.     Mr. Doe is 18 years old. He resides in Massachusetts.

33.     In December 2021, when Mr. Doe was 15, the U.S. Border Patrol encountered him in Rio Grande Valley, in Texas.

34.     The Border Patrol classified Mr. Doe as an unaccompanied alien child ("UAC").

35.     The Border Patrol issued Mr. Doe a Notice to Appear ("NTA") charging him as an alien present in the United States (not as an arriving alien). The NTA ordered Mr. Doe to appear for removal proceedings at an Immigration Court in Texas.

36.     The Border Patrol determined that Mr. Doe should be detained pursuant to Section 1226, and detained him pursuant to a warrant for his arrest and detention.

37.     Mr. Doe thereafter entered the custody of the Division of Unaccompanied Children Operations ("DUCO"), which is part of the Office of Refugee Resettlement, a component of the U.S. Department of Health and Human Services.

38.     In February 2022, the DUCO released Mr. Doe from federal custody to reside in Massachusetts.

39.     In February 2022, Mr. Doe's removal proceedings were transferred to the Immigration Court in Massachusetts.

40. Mr. Doe subsequently resided in Massachusetts in the custody of the Massachusetts Department of Children and Families ("DCF"), under the jurisdiction of the Massachusetts Juvenile Court.

41. In 2024, Mr. Doe applied to U.S. Citizenship and Immigration Services ("USCIS") for SIJ status. The basis for his petition was, in summary, that he had been the victim of neglect while residing in Guatemala.

42. In April 2025, Mr. Doe's application for SIJ status was approved.

43. On information and belief, at some point in 2025, Mr. Doe's removal proceedings in the Immigration Court were terminated.

44. On July 4, 2025, Mr. Doe was arrested by the police and accused of shoplifting several bottles of liquor from a liquor store.

45. On information and belief, the police filed an application for a criminal complaint for misdemeanor shoplifting.

46. On information and belief, Mr. Doe has not been charged with any crime. A Clerk Magistrate's Hearing has been scheduled for September 2025 to determine if any criminal charges shall issue. Clerk Magistrate hearings are generally confidential proceedings.

47. Mr. Doe was released from the police station on July 4, 2025. As he left, CBP officers assigned to ICE ERO arrested Mr. Doe and placed him in civil immigration detention.

48. As far as counsel can determine, no NTA has been filed to initiate removal proceedings against Mr. Doe.

49. Mr. Doe requested a bond hearing from the Immigration Court.

50.     In advance of the bond hearing, the government submitted a memorandum arguing that Mr. Doe "is not eligible for bond under the Laken Riley Act" because he "has been arrested for the crime of shoplifting."

51.     On July 24, 2025, the Immigration Court refused to hold a bond hearing because Mr. Doe "is statutorily ineligible for IJ custody redetermination per the Laken Riley Act."

52.     Pursuant to the Due Process requirements articulated above, Mr. Doe is entitled to receive a bond hearing before a neutral magistrate in which he is provided individualized consideration of whether he presents a danger or a flight risk, and, if not, is offered release on bond for the pendency of his removal proceedings.

53.     Yet Mr. Doe is being detained without having received an individualized bond hearing, or any other individualized process to determine whether he can be released while the Immigration Court decides whether or not he will be ordered deported.  Mr. Doe has never admitted or been adjudicated guilty of any serious criminal offense that might arguably serve as a proxy for risk of flight or dangerousness.  There is consequently no reason to believe that Mr. Doe's continue detention serves the purposes of civil immigration detention of ensuring the safety of the community and the future appearance of the noncitizen at immigration proceedings.

54.     Accordingly, Mr. Doe's continued detention without a bond hearing, likely for a prolonged period of time, violates his right to procedural and substantive Due Process.

## CLAIM FOR RELIEF

### COUNT I – WRIT OF HABEAS CORPUS
### DETENTION IN VIOLATION OF THE FIFTH AMENDMENT RIGHT TO DUE PROCESS

55.     The foregoing allegations are re-alleged and incorporated herein.

56. The government is jailing Mr. Doe for a prolonged period of time without a bond hearing, based solely on unproven accusations, and without any finding that he actually presents a danger or flight risk.

57. Mr. Doe's detention absent any form of individualized process violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

58. Mr. Doe's detention regardless of whether he presents a danger or flight risk, based solely on unproven accusations, does not serve the purposes of civil immigration detention, is arbitrary and punitive in nature, and violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

## **PRAYER FOR RELIEF**

Wherefore, Mr. Doe asks this Court to GRANT the following relief:

1. Expedite consideration of this Petition to the maximum extent possible pursuant to 28 U.S.C. § 2243.

2. Enter an order prohibiting Mr. Doe's transfer from this District to any other detention location.

3. Declare that Mr. Doe's ongoing detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.

4. Declare that Mr. Doe is entitled to an individualized bond hearing, and may not be detained absent such a hearing.

5. Issue a Writ of Habeas Corpus ordering Respondents to release Mr. Doe unless he is afforded an individualized bond hearing, including all required procedural protections, within seven days after the Court's Order.

6.      Enter an order requiring that Mr. Doe be released on conditions the Court deems necessary or appropriate pending the adjudication of this Petition, or other interim relief the Court deems just and proper.

7.      Allow Mr. Doe to proceed by pseudonym, in light of the confidential nature of the Clerk Magistrate hearings to be discussed in this proceeding; and

8.      Grant further relief this Court deems just and proper.

Respectfully submitted,

**John Doe**

By and through his counsel,

Dated: 07/24/2025

*/s/Todd C. Pomerleau*
Todd C. Pomerleau, Esq.
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, Massachusetts 02108
Tel.: (617) 367-0077
Fax: (617) 367-0071
tcp@rubinpom.com
MA BBO#664974

*/s/ Nicole Dill*
Nicole Dill, Esq.
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, Massachusetts 02108
Tel.: (617) 367-0077
Fax: (617) 367-0071
ndill@rubinpom.com
MA BBO#709113

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2025, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

July 24, 2025

/s/*Todd C. Pomerleau*
Todd C. Pomerleau