UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE,<br><br>        Petitioner,<br><br> v.<br><br>ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility; PATRICIA HYDE, Field Officer Director; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security; PAMELA BONDI, Attorney General of the U.S.; and DONALD TRUMP, President of the U.S.,<br><br>        Respondents. | Civil Action No. 1:25-cv-12094-IT<br>**(LEAVE TO FILE GRANTED ON AUGUST 5, 2025)** |

### RESPONDENTS' REPLY TO PETITIONER'S MEMORANDUM OF LAW SUBMITTED IN SUPPORT OF PETITION FOR HABEAS CORPUS

Respondents respectfully submit the following Reply to address arguments raised by Petitioner in his Memorandum of Law (Doc. 27) concerning his special immigrant juvenile ("SIJ") status. As stated in their Opposition, Respondents maintain that Petitioner's detention is lawful under 8 U.S.C. § 1225(b), which serves as the government's primary basis for detention in this matter. Doc. 21, pp. 1-2. The Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E), provides an alternative basis for detention. *Id.*

  A.  **The Laken Riley Act Applies To Individuals With SIJ Status.**

As alternatively argued in Respondents' Opposition to the Petition, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) (the "Laken Riley Act" or "LRA") because he satisfies both of its triggering prongs: he is inadmissible under 8 U.S.C. §§

1

1182(a)(6)(A) and 1182(a)(7) and he was arrested for shoplifting. Doc. 21 at 9-10. Petitioner recognizes that "[o]rdinarily, these grounds would match the triggering grounds for the LRA." Doc. 27 at 14. That said, Petitioner argues that because he is a recipient of SIJ status, these grounds do not apply to him as a matter of law. In support of his argument, Petitioner cites 8 U.S.C. § 1255, which governs the adjustment of status of a nonimmigrant to that of a person admitted for permanent residence. Specifically, it provides that:

> (h)   In applying *this section* to a special immigrant described in section 1101(a)(27)(J) of this title—
>
> (1) such an immigrant shall be deemed, for purposes of subsection (a), to have been paroled into the United States; and
>
> (2) in determining the alien's admissibility as an immigrant—
>
> (A) paragraph (4), (5)(A), (6)(A), (6)(C), (6)(D), (7)(A), and (9)(B) of section 1182(a) of this title shall not apply[.]

8 U.S.C. § 1255(h) (emphasis added). In making this argument, Petitioner seems to conflate being considered a parolee or having paragraphs 6(A) and (7) under section 1182(a) rendered inapplicable for adjustment of status purposes with having these provisions applied in the context of the LRA. But the plain language of 8 U.S.C. § 1255(h) makes clear that it applies only to "this section", *i.e.*, in the context of adjusting status, and Petitioner's argument to the contrary does not comport with Congress' intent regarding the benefits of SIJ status.

"Congress established SIJ status in 1990 in order to protect abused, neglected or abandoned children who, with their families, illegally entered the United States, ... and it entrusted the review of SIJ petitions to USCIS, a component of DHS." *Osorio-Martinez v. Attorney General United States of America*, 893 F.3d 153, 162 (3d Cir. 2018) (quotations and citations omitted). An individual who obtains SIJ status receives several important benefits, but is still subject to arrest, detention, and removal from the United States if a final order of removal is entered against such individual. *See United States v. Granados-Alvarado*, 350 F. Supp. 3d 355, 357 (D. Md. 2018)

(explaining that while "[t]he SIJ program offers aliens a multitude of benefits and protections, including the opportunity to seek lawful permanent resident status[,] … [i]n and of itself, though, an SIJ designation does not strip the U.S. government of all removal powers."). An individual with SIJ status can apply for adjustment of status if they are eligible, admissible, and an immigrant visa is immediately available. If an application for adjustment of status is granted, the individual receives Lawful Permanent Resident status. 8 U.S.C. § 1255; 8 C.F.R. § 245.1(e)(3)(i). As to an application for adjustment of status, the INA automatically exempts SIJ designees from a set of generally applicable grounds of inadmissibility and provides that other grounds of inadmissibility may be waived at the Attorney General's discretion. 8 U.S.C. §§ 1255(h)(2), 1182(a).

Petitioner's assertion that a grant of SIJ status renders him admissible into the United States for purposes of the LRA is misguided. By its plain language, 8 U.S.C. § 1255 deems those with SIJ status to have been paroled into the United States, and that paragraphs 6(A) and (7) of 8 U.S.C. § Section 1182(a) shall not apply, for the purpose of Adjustment of Status only—and not for any other purpose.

Additionally, the context of 8 U.S.C. § 1255(h) makes clear why it was included in the statute concerning Adjustment of Status. Generally, to qualify for lawful permanent residence under 8 U.S.C. § 1255, an individual must have been "inspected and admitted" *or* "paroled" into the United States. 8 U.S.C. § 1255(a). Parole in the immigration context has a specific meaning: it is an "entry fiction" wherein a paroled noncitizen is considered to be "standing at the border" despite being permitted to physically enter the country. *Michel v. Mayorkas*, No. 1:20-CV-10882-IT, 2021 WL 797810, at *7 (D. Mass. Mar. 2, 2021) (citing *Leng May Ma v. Barber*, 357 U.S. 185 (1958)). The Supreme Court has explained that parole "is simply a device through which needless confinement is avoided while administrative proceedings are conducted." *Leng Mey Ma*, 357 U.S. at 190.

It follows that an individual who enters unlawfully (*i.e.*, has not been inspected and admitted or inspected and paroled into the United States) is generally ineligible for lawful permanent residence through an application for adjustment of status under Section 1255(a) unless an exception applies. *Id.* Many SIJs entered the United States unlawfully—like Petitioner—and, as a result, they were neither "inspected and admitted," nor "inspected and…paroled," in accordance with this eligibility requirement for lawful permanent residence. Congress therefore created a special statutory provision to ensure that the many SIJ-classified individuals who entered the United States unlawfully would nonetheless be eligible to apply for adjustment of status under Section 1255 without having to depart the United States to obtain their immigrant visa. 8 U.S.C. § 1255(h)(1). Under this provision, SIJs "shall be deemed, for the purposes of [admission or parole for adjustment of status under 8 U.S.C. § 1255(a)], to have been paroled into the United States[.]" *Id.* § 1255(h)(1). This provision, however, only deems an SIJ recipient "to have been paroled into the United States" … "for purpose of subsection (a)," *i.e.*, the paragraph that provides the statutory basis to adjust status to lawful permanent residence and for no other purpose.

Moreover, multiple courts have explained that SIJ designation does not forestall detention and removal from the United States. For example, the U.S. Court of Appeals for the Third Circuit considered, and answered in the affirmative, the question of whether an SIJ recipient "is subject to removal simply for presence in the United States 'without being admitted or paroled.'" *Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 432 (3d Cir. 2023). In that case, the individual (like Petitioner) was charged as inadmissible from the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) which provides that "[a]n alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." While this ground of inadmissibility does not prevent an SIJ designee from

4

applying for adjustment of status, *see* 8 U.S.C. § 1255(h)(2), the court found that it does apply for purposes of *removal*. *Cortez-Amador*, 66 F.4th 433 (emphasis added).

In *Cortez-Amador,* the petitioner claimed that because 8 U.S.C § 1225(h) deems SIJ designees as paroled for purpose of applying for adjustment of status, then the ground of inadmissibility set forth above could not apply to render him subject to removal from the United States. *Id.* The Third Circuit disagreed and explained that Section 1255(h) "expressly states that a noncitizen with SIJ status shall be deemed to have been *paroled for purposes of subsection (a)* of that section, i.e. for adjustment of status to a legal permanent resident only." *Id.* The court explained that "if in § 1255(h) Congress had intended a noncitizen with SIJ status to be deemed paroled for purposes of removal, it would have included reference to removability or 8 U.S.C. § 1182," i.e. the statutory provision that details the different grounds of inadmissibility that serve as basis for removal. *Id.* The Third Circuit reasoned that "Congress could have rationally decided that SIJ recipients should be given the opportunity to apply for adjustment of status, while also contemplating that they may be removed if their application is denied or for another appropriate basis." *Id.*, n.11. The same logic applies in the context of Section 1255(h)(2)(A).

Similarly, in *United States v. Granados-Alvarado*, 350 F. Supp. 3d 355, 357 (D. Md. 2018), the court held that "an SIJ designation does not strip the U.S. government of all removal powers." Instead, the court explained, "the government retained the power to remove Granados-Alvarado in spite of his SIJ status" because of his inadmissibility to the United States. *Id.* The court rejected an argument similar to the one Petitioner presents here, that an SIJ designee has lawful status because of § 1255(h), because that section only applies for the purpose of applying for adjustment of status. *Id.* at 361. Explained further, "§ 1255(h) does not accord Granados-Alvarado parolee status for any purposes other than for his application for adjustment of status. … It does not make his presence lawful …". *Id.* at 362. *See also*, *Cruz-Gonzalez on behalf of D.M.S.C. v. Kelly*, No.

5

CV 16-5727, 2017 WL 3390234, at *5 (E.D. Pa. Aug. 7, 2017) (rejecting argument that SIJ approval grants immigration status and prevents removal from the United States and also agreeing with government's argument that being "deemed paroled" under 8 U.S.C. § 1255(h) "does not cancel a final order of removal or an underlying basis of inadmissibility or removability.").

Here, USCIS' approval of Petitioner's SIJ petition does not provide him with lawful immigration status in the United States and does not bar the government from effectuating his removal and detaining him. This concept was recently underscored in this district, in which the Court (Gorton, J.) held that the fact that an individual has gained SIJ status has no effect on the government either detaining or removing him. *See Vasquez v. Moniz,* Civil Action No. 25-11737-NMG, 2025 WL 1737216, at *2 (D. Mass. June 23, 2025).

Because Section 1255(h) does not apply in the context of the LRA, Petitioner is appropriately subject to detention under 8 U.S.C. § 1226(c)(1)(E) (as an alternative to detention under 8 U.S.C. § 1225(b)).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | LEAH B. FOLEY<br>United States Attorney |
| Dated: August 7, 2025                By: | */s/ Nicole M. O'Connor*<br>Nicole M. O'Connor<br>Assistant United States Attorney<br>United States Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>Tel.: 617-748-3112<br>Email: Nicole.OConnor@usdoj.gov |

6

## **CERTIFICATE OF SERVICE**

      I, Nicole M. O'Connor, Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

| | |
|---|---|
| Dated: August 7, 2025 | By:   */s/ Nicole M. O'Connor*<br>      Nicole M. O'Connor<br>      Assistant United States Attorney |